# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MOON FENTON, M.D., <br><br>    Plaintiff, <br><br>v. <br><br>THE WEST CLINIC, PLLC, f/k/a THE WEST CLINIC, PC, d/b/a WEST CANCER CENTER; WEST DESOTO PARTNERS, LLC; WEST UNION PARTNERS, LLC; WEST WOLF RIVER PARTNERS, L.P., f/k/a WEST WOLF RIVER PARTNERS, LLC; WEST CAPITAL, LLC; and WEST CLINIC HOLDCO, PC, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     No. 2:21-cv-02790-SHL-tmp <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR REDACTIONS OF TRANSCRIPTS AND REDACTIONS OR SEALING OF EXHIBITS

Before the Court are Defendants The West Clinic PLLC, f/k/a The West Clinic, PC, d/b/a West Cancer Center ("The West Clinic") and related entities' (collectively the "Defendants") Motion for Redactions of Transcripts and Redactions or Sealing of Exhibits, (ECF No. 93), and Plaintiff Moon Fenton, M.D.'s ("Plaintiff") Response in Opposition, (ECF No. 94). Pursuant to Federal Rule of Civil Procedure 5.2, Defendants request that certain exhibits entered into evidence during trial be redacted or placed under seal. (ECF No. 93 at PageID 2231.) Specifically, Defendants request that the Court: (1) Redact taxpayer identification numbers in Exhibit Nos. 14-21; (2) Redact certain financial information in Exhibit Nos. 6, 29, 39, 40, and 52; and (3) Seal Exhibits Nos. 14-22, 25, 32-35, 37-38, 46, 51, 53-57.[1] Plaintiff does not contest Request No. 1, but opposes Request Nos. 2 and 3.

---

[1] Despite the title of the Motion, Defendants do not request that any part of the trial transcript be redacted or filed under seal.

"While the Court has discretion to seal filings where appropriate, the general presumption [is] that court documents are to be available to the public." St. John v. Napolitano, 274 F.R.D. 12, 21 (D.C. Cir. 2011) (internal quotations omitted). This presumption recognizes that the public has the right to inspect and copy judicial documents and files. Carter v. Welles-Bowen Realty, Inc., 628 F.3d 790, 790-91 (2012) (internal citations and quotations omitted). Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." Lipman v. Budish, 974 F.3d 726, 753 (6th Cir. 2020). "[T]he greater the interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." Id. (quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 305-06 (6th Cir. 2016)).

Under Federal Rule of Civil Procedure 5.2(a), certain information, such as taxpayer identification numbers, must be redacted. Exhibit Nos. 14-21 contain multiple instances of federal tax identification numbers and Tennessee tax account numbers. As noted above, Plaintiff does not object to these proposed redactions. Therefore, the Court finds good cause and **GRANTS** Defendants' Motion as to the request to redact taxpayer identification numbers in Exhibits Nos. 14-21.[2]

Defendants' remaining requests for non-disclosure are less compelling. Exhibit Nos. 6, 14-21, 25, 29, 39, 40, 51-52, and 55-57 contain information about Defendants' business model, revenue, net worth, and tax payments. (ECF No. 93 at PageID 2235-39.) Exhibit Nos. 22, 32-35, 37-38, 46, and 53-54 contain information about the compensation and terms of employment of West Clinic physicians. (Id. at PageID 2236-39.) In support of their Motion, Defendants argue that private financial information is generally confidential and that public access to these

---

[2] The trial exhibits are maintained by the Case Manager. It is Defendants' responsibility to contact the Case Manager to ensure that taxpayer identification numbers are redacted from Exhibits Nos. 14-21.

documents would violate their statutory privacy interests.  (Id. at PageID 2232.)  Defendants further argue that, under the Parties' Joint Protective Order, (ECF No. 36), the materials at issue were designated as "confidential" and should remain confidential as these materials does not lose their confidential status through subsequent use in court proceedings.  (ECF No. 93 at PageID 2234.)  As to the employment information, Defendants argue that the disclosure of physician compensation figures could result in competitive harm to West Clinic, such that their competitors would "use the information to unfairly compete against West Clinic in hiring of physicians."  (Id. at PageID 2236-39.)   Finally, Defendants argue that there is no significant public interest in disclosure because this litigation concerns a contract dispute between private parties.  (Id. at PageID 2239.)

     Defendants' arguments fail to overcome the strong presumption of openness for several reasons.  First, they state that their "legitimate and statutory privacy interests" support the non-disclosure of tax returns and financial information, but they fail to specify what statute protects this information from disclosure in a judicial proceeding.  Second, whether documents produced in discovery are designated as confidential has no bearing on a subsequent motion to seal records.  See Shane Grp., Inc., 825 F.3d at 305 ("[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26. . . and orders to seal court records. . ."); see also id. ("Unlike information merely exchanged between parties, 'the public has a strong interest in obtaining the information contained in the court record.'" (quoting Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983))).  To that end, in the Order granting the Protective Order, the Court stated that, "Nothing in this Order shall be construed as a ruling on how documents shall be handled by the Court during a trial of this matter."  (ECF No. 36 at PageID 302.)

Furthermore, the cases cited by Defendants do not support the other requested redactions. For example, In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 472 (6th Cir. 1983), involved the sealing of certain business records in a lawsuit between a bank and the Federal Deposit Insurance Corporation. The Sixth Circuit concluded that the records should be sealed because they contained sensitive financial information about the bank's customers, such that there was a strong public interest in protecting the privacy rights of borrowers who dealt with the bank and were not connected to the underlying litigation. Id. at 477.

Here, there is no analogous public interest that supports non-disclosure. And, contrary to Defendants' contention, even in disputes between private parties, the public has a strong interest in obtaining the information in the court record so that it can "assess for itself the merits of judicial decisions." Shane Grp., Inc., 825 F.3d at 305. Indeed, West Clinic's physician compensation model is one of the central issues in this case, and, without this information, the public would be unable to assess the merits of the Court's forthcoming Findings of Fact and Conclusions of Law.

For these reasons, the Court **DENIES** Defendants' Motion as to the requested redactions in Exhibit Nos. 6, 29, 39, 40, and 52 and the request to seal Exhibits Nos. 14-22, 25, 32-35, 37-38, 46, 51, 53-57.

**IT IS SO ORDERED,** this 7th day of July, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4